## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2017, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Timothy E. Strowmatt
New Castle, Indiana

ATTORNEY FOR APPELLEE

Adam G. Forrest
Boston Bever Klinge Cross &
Chidester
Richmond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy E. Strowmatt, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Keith Butts and <br> Mike Smith, <br><br> *Appellees-Respondents* | February 21, 2017 <br><br> Court of Appeals Case No. <br> 33A05-1606-SC-1485 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Bob A. Witham, Judge <br><br> Trial Court Cause No. <br> 33C03-1512-SC-1453 |

**Baker, Judge.**

[1] Timothy Strowmatt appeals the trial court's order denying his small claims against Keith Butts and Mike Smith, both of whom are employees of the Indiana Department of Correction (DOC). Strowmatt argues that there is insufficient evidence supporting the trial court's order and that he was denied due process of law because he requested a copy of the Small Claims Manual from the trial court but allegedly never received one. Finding sufficient evidence and that Strowmatt has waived the due process claim, we affirm.

[2] Strowmatt is an inmate in the DOC. On January 8, 2016, Strowmatt filed a notice of small claims, arguing that the New Castle Correctional Facility failed to deposit the full required amount into Strowmatt's reentry account. Specifically, Strowmatt contends that he is owed $89.14.

[3] Indiana Code section 11-10-6-3(d) states that if an offender is eligible for a reentry account, between ten and twenty percent of that inmate's gross earnings shall be deposited into that account. Strowmatt argues, correctly, that less than the required amount has been deposited into his reentry account.

[4] Indiana Code section 11-10-15-1, however, states that reentry accounts are subject to "all other department rules" regarding those accounts. Relevant to this case is DOC Policy and Procedure Number 04-01-104, which states that "15% of the offender's earnings, *after all required deductions have been made*, from the work assignment" will be deposited into the offender's reentry account. Appellant's App. p. 77 (emphasis added).

In this case, there is a federal court order in place against Strowmatt requiring that 80% of his state pay be applied to his federal court filing fee arrearage. He also owes additional sums of money related to copies and postage. As such, after all of the required deductions were made, less than fifteen percent of his gross earnings were available to be deposited into his reentry account. Given that the statutes regarding reentry accounts are subject to DOC rules, and that a DOC rule plainly requires that all required deductions be made before any deposits are made to reentry accounts, there is sufficient evidence supporting the trial court's denial of Strowmatt's small claims.

Strowmatt also argues that he requested the Small Claims Manual from the trial court but did not receive it; he contends that his due process rights were violated as a result. He did not raise this argument to the trial court. Consequently, he has waived it and we will not address it. *E.g.*, *JK Harris & Co., LLC v. Sandlin*, 942 N.E.2d 875, 882 (Ind. Ct. App. 2011) (observing that constitutional issues, such as lack of due process, are waived if the issue is raised for the first time on appeal); *Miller v. Ind. Dep't of Workforce Dev.*, 878 N.E.2d 346, 353 (Ind. Ct. App. 2007) (same).

The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.